IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES W. BEAL, JR.,

    Plaintiff,

  v.

OFFICER JAMES BELLER
and OFFICER MATT STRELOW,

    Defendants.

Case No. 12-CV-1146

## PLAINTIFF'S PROPOSED SUBSTANTIVE JURY INSTRUCTIONS

    Plaintiff, Charles W. Beal, Jr., ("Plaintiff") by his attorneys, Husch Blackwell LLP, hereby proposes that the Court instruct the jury as to the special verdict as follows:

# FOURTH AMENDMENT: *TERRY* (INVESTIGATORY) STOP[1]

Plaintiff claims that Defendants seized him without reasonable suspicion. To succeed on this claim, Plaintiff must prove the following by a preponderance of the evidence:

Defendants did not have a reasonable suspicion that Plaintiff either had committed; was committing; or was about to commit a crime. Reasonable suspicion must be based on specific facts known to the officer, together with the reasonable inferences from those facts. A hunch does not constitute reasonable suspicion.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove this by a preponderance of the evidence, then you must decide for Defendants, and you will not consider the question of damages.

---

[1] Source: Pattern Civil Jury Instructions of the United States Courts for the Seventh Circuit, § 7.06.

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEARCH—
EXCEPTION TO WARRANT REQUIREMENT—*TERRY* FRISK[2]**

In general, a search of a person is unreasonable under the Fourth Amendment if the search is not authorized by a search warrant. A "search warrant" is a written order signed by a judge that permits a law enforcement officer to search a particular person, place, or thing. Under an exception to this rule, a warrantless search of a person for weapons is permissible when an officer reasonably believes that the person is armed and dangerous.

A search for weapons is permissible if, under all the circumstances known to the officers at the time:

1. the officers had a reasonable suspicion that the person was armed and presently dangerous to the officers or to others; and
2. the scope of the search was strictly limited to that which is necessary for the discovery of weapons.

"Reasonable suspicion" is a particularized and objective basis for suspecting the plaintiff is armed. The officers are permitted to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them.

---

[2] Source: Manual of Model Civil Jury Instructions of the United States Courts for the Ninth Circuit, § 9.22.

# FOURTH AMENDMENT:
# FALSE ARREST – ELEMENTS[3]

Plaintiff claims that Defendants falsely arrested him. To succeed on this claim, Plaintiff must prove the following by a preponderance of the evidence:

Defendants did not have probable cause to arrest Plaintiff.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove this by a preponderance of the evidence, then you must decide for Defendants, and you will not consider the question of damages.

---

[3] Source: Pattern Civil Jury Instructions of the United States Courts for the Seventh Circuit, § 7.07.

# DAMAGES: COMPENSATORY[4]

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of the unreasonable search and/or unreasonable seizure.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

**a.** The physical and mental and emotional pain and suffering and loss of a normal life that Plaintiff has experienced. No evidence of the dollar value of physical or mental and emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

**b.** The wages, salary, and earning capacity that Plaintiff has lost.

If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

---

[4] Source: Pattern Civil Jury Instructions of the United States Courts for the Seventh Circuit, § 7.26.

# DAMAGES: PUNITIVE[5]

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

---

[5] Source: Pattern Civil Jury Instructions of the United States Courts for the Seventh Circuit, § 7.28.

Dated this 5th day of April, 2018.

    /s/ Margaret K. Heitkamp
Charles H. Bohl
Erik K. Eisenmann
James C. Remington
Margaret K. Heitkamp

Attorneys for Plaintiff, Charles W. Beal, Jr.

HUSCH BLACKWELL LLP
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
Telephone: 414-978-5411
Fax: 414-223-5000
Email: Charles.Bohl@huschblackwell.com
Email: Erik.Eisenmann@huschblackwell.com
Email: Jake.Remington@huschblackwell.com
Email: Margaret.Heitkamp@huschblackwell.com